1   SHAUN SETAREH (State Bar No. 204514)
2       *Email: SetarehLaw@sbcglobal.net*
    LAW OFFICES OF SHAUN SETAREH
3   1055 Wilshire Boulevard, Suite 1940
    Los Angeles, CA 90017
4   Telephone: (213) 250-9300
    Facsimile: (213) 250-9333
5
6   Attorney for Plaintiff
    AMR HAMDY
7
8   MARTIN D. BERN (State Bar No. 153203)
        *Email: Martin.Bern@mto.com*
9   MALCOLM A. HEINICKE (State Bar No. 194174)
        *Email: Malcolm.Heinicke@mto.com*
    MUNGER, TOLLES & OLSON LLP
10  560 Mission Street, 27th Floor
    San Francisco, CA 94105
11  Telephone: (415) 512-4000
    Facsimile: (415) 512-4077
12
13  Attorneys for Defendant
    GUARDSMARK, LLC

14                  UNITED STATES DISTRICT COURT

15        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

16

17  AMR HAMDY, on behalf of himself
    and all others similarly situated,
18                                          CASE NO.  CV 08-06807 R (PLAx)
            Plaintiff,
19                                          **STIPULATION AND [PROPOSED]
        v.                                  PROTECTIVE ORDER
20                                          CONCERNING DISCOVERY AND
    GUARDSMARK, LLC, and DOES 1             CONFIDENTIAL INFORMATION**
21  through 10, inclusive,
22          Defendants.                     Judge:      Honorable Manuel L. Real

23

24

25

26

27

28

1.  PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action will likely involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.[1]

2.  DEFINITIONS

2.1  Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2  Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3  Confidential Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P.  26(c).

2.4  Highly Confidential – Attorneys' Eyes Only Information or Items: extremely sensitive Confidential Information or Items whose disclosure to

---

[1]  The parties further acknowledge that at the time of the execution of this stipulation and proposed order, Plaintiff is seeking to have the case remanded to state court.  In the event that the case is remanded to state court, the parties will meet and confer in an effort to reach agreement on and submit to the pertinent state court a proposed protective order similar in substantive content to this document.

1   another Party or nonparty would create a substantial risk of serious injury that could

2   not be avoided by means less restrictive than those set forth herein.

3       2.5   Receiving Party: a Party that receives Disclosure or Discovery

4   Material from a Producing Party.

5       2.6   Producing Party: a Party or non-party that produces Disclosure

6   or Discovery Material in this action.

7       2.7   Designating Party: a Party or non-party that designates

8   information or items that it produces in disclosures or in responses to discovery as

9   "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

10      2.8   Protected Material: any Disclosure or Discovery Material that is

11  designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL –

12  ATTORNEYS' EYES ONLY."

13      2.9   Outside Counsel: attorneys who are not employees of a Party

14  but who are retained to represent or advise a Party in this action (as well as their

15  internal support staffs).

16      2.10  House Counsel: attorneys who are employees of a Party (as well

17  as their internal support staffs).

18      2.11  Counsel (without qualifier): Outside Counsel and House

19  Counsel (as well as their support staffs).

20      2.12  Expert: a person with specialized knowledge or experience in a

21  matter pertinent to the litigation who has been retained by a Party or its counsel to

22  serve as an expert witness or as a consultant in this action.  This definition includes

23  a professional jury or trial consultant retained in connection with this litigation.

24      2.13  Professional Vendors: persons or entities that provide litigation

25  support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or

26  demonstrations; organizing, storing, retrieving data in any form or medium; etc.)

27  and their employees and subcontractors.

28  ///

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.    DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection.  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  Mass, indiscriminate, or routinized designations are prohibited.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (see, *e.g.*, second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

- 3 -

1   ATTORNEYS' EYES ONLY" at the top, bottom or right margin of each page that

2   contains protected material or, alternatively, on the first page of a multi-page

3   document, if the entire document is protected.  If only a portion or portions of the

4   material on a page qualifies for protection, the Producing Party should endeavor to

5   identify the protected portion(s) (*e.g.*, by making appropriate markings in the

6   margins) and specify, for each portion, the level of protection being asserted (either

7   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

8   ONLY").

9              A Party or non-party that makes original documents or materials

10  available for inspection need not designate them for protection until after the

11  inspecting Party has indicated which material it would like copied and produced.

12  During the inspection and before the designation, all of the material made available

13  for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS'

14  EYES ONLY."  After the inspecting Party has identified the documents it wants

15  copied and produced, the Producing Party must determine which documents, or

16  portions thereof, qualify for protection under this Order, then, before producing the

17  specified documents, the Producing Party must affix the appropriate legend

18  ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

19  ONLY") at the top, bottom or right margin of each page that contains Protected

20  Material.  If only a portion or portions of the material on a page qualifies for

21  protection, the Producing Party also should endeavor to identify the protected

22  portion(s) (*e.g.*, by making appropriate markings in the margins) and specify, for

23  each portion, the level of protection being asserted (either "CONFIDENTIAL" or

24  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

25              (b)    for testimony given in deposition or in other pretrial or

26  trial proceedings, that the Party or non-party offering or sponsoring, or giving the

27  testimony identify on the record, before the close of the deposition, hearing, or

28  other proceeding, all protected testimony, and further specify any portions of the

testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY."  When it is impractical to identify separately each
portion of testimony that is entitled to protection, and when it appears that
substantial portions of the testimony may qualify for protection, the Party or non-
party that sponsors, offers, or gives the testimony may invoke on the record (before
the deposition or proceeding is concluded) a right to, during the time allocated for
the witness to review and execute the deposition transcript, identify the specific
portions of the testimony as to which protection is sought and to specify the level of
protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY") during this review period.

Transcript pages containing Protected Material must be separately
bound by the court reporter, who must affix to the top of each such page the legend
"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
ONLY," as instructed by the Party or nonparty offering or sponsoring the witness
or presenting the testimony.

(c)    for information produced in some form other than
documentary, and for any other tangible items, that the Producing Party affix in a
prominent place on the exterior of the container or containers in which the
information or item is stored the legend "CONFIDENTIAL" or "HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only portions of the
information or item warrant protection, the Producing Party, to the extent
practicable, should identify the protected portions, specifying whether they qualify
as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

5.3    Inadvertent Failures to Designate.  If timely corrected, an
inadvertent failure to designate qualified information or items as
"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
ONLY" does not, standing alone, waive the Designating Party's right to secure
protection under this Order for such material.  If material is appropriately

designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" after the material was initially produced, the

Receiving Party, on timely notification of the designation, must make reasonable

efforts to assure that the material is treated in accordance with the provisions of this

Order.

6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1     <u>Timing of Challenges</u>.  Unless a prompt challenge to a

Designating Party's confidentiality designation is necessary to avoid foreseeable

substantial unfairness, unnecessary economic burdens, or a later significant

disruption or delay of the litigation, a Party does not waive its right to challenge a

confidentiality designation by electing not to mount a challenge promptly after the

original designation is disclosed.

6.2     <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a

Designating Party's confidentiality designation must do so in good faith and must

begin the process by conferring directly (in voice to voice dialogue; other forms of

communication are not sufficient) with counsel for the Designating Party.  In

conferring, the challenging Party must explain the basis for its belief that the

confidentiality designation was not proper and must give the Designating Party an

opportunity to review the designated material, to reconsider the circumstances, and,

if no change in designation is offered, to explain the basis for the chosen

designation.  A challenging Party may proceed to the next stage of the challenge

process only if it has first engaged in this meet and confer process.

6.3     <u>Judicial Intervention</u>.  A Party that elects to press a challenge to

a confidentiality designation after considering the justification offered by the

Designating Party may file and serve a motion under Civil Local Rule 7 (and in

compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged

material and sets forth in detail the basis for the challenge.  Each such motion must

be accompanied by a competent declaration that affirms that the movant has

complied with the meet and confer requirements imposed in the preceding

paragraph and that sets forth with specificity the justification for the confidentiality

designation that was given by the Designating Party in the meet and confer

dialogue.

Until the court rules on the challenge, all parties shall continue to

afford the material in question the level of protection to which it is entitled under

the Producing Party's designation.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles.  A Receiving Party may use Protected Material

that is disclosed or produced by another Party or by a non-party in connection with

this case only for prosecuting, defending, or attempting to settle this litigation.

Such Protected Material may be disclosed only to the categories of persons and

under the conditions described in this Order.  When the litigation has been

terminated, a Receiving Party must comply with the provisions of section 11, below

(FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party

at a location and in a secure manner that ensures that access is limited to the

persons authorized under this Order.

7.2   Disclosure of "CONFIDENTIAL" Information or Items.  Unless

otherwise ordered by the court or permitted in writing by the Designating Party, a

Receiving Party may disclose any information or item designated

CONFIDENTIAL only to:

(a)   the Receiving Party's Outside Counsel of record in this

action, as well as employees of said Counsel to whom it is reasonably necessary to

disclose the information for this litigation;

(b)   the officers, directors, and employees (including House

Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this

litigation;

1    (c)    experts (as defined in this Order) of the Receiving Party

2    to whom disclosure is reasonably necessary for this litigation and who have signed

3    the "Agreement to Be Bound by Protective Order" (Exhibit A);

4    (d)    the Court and its personnel;

5    (e)    court reporters, their staffs, and professional vendors to

6    whom disclosure is reasonably necessary for this litigation;

7    (f)    during their depositions, witnesses in the action to whom

8    disclosure is reasonably necessary.  Pages of transcribed deposition testimony or

9    exhibits to depositions that reveal Protected Material must be separately bound by

10   the court reporter and may not be disclosed to anyone except as permitted under

11   this Stipulated Protective Order;

12   (g)    the author of the document or the original source of the

13   information; or

14   (h)    any members of the putative class as pled in the then

15   operative complaint in the litigation (or if a class is eventually certified, then any

16   members of the certified class) to whom disclosure is reasonably necessary for this

17   litigation and who have signed the "Agreement to Be Bound by Protective Order"

18   (Exhibit A) (provided that Guardsmark does not concede that class certification is

19   appropriate, and instead contends that certification is not proper).

20          7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS'

21   EYES ONLY" Information or Items.  Unless otherwise ordered by the court or

22   permitted in writing by the Designating Party, a Receiving Party may disclose any

23   information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

24   EYES ONLY" only to:

25   (a)    the Receiving Party's Outside Counsel of record in this

26   action, as well as employees of said Counsel to whom it is reasonably necessary to

27   disclose the information for this litigation;

28

(b)     Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)     the Court and its personnel;

(d)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation; or

(e)     the author of the document or the original source of the information.

8.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.  (Written notification of counsel of record in the litigation shall be sufficient to constitute notice per this section.)

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens

- 9 -

1   and the expenses of seeking protection in that court of its confidential material and

2   nothing in these provisions should be construed as authorizing or encouraging a

3   Receiving Party in this action to disobey a lawful directive from another court.

4         9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

5               If a Receiving Party learns that, by inadvertence or otherwise, it has

6   disclosed Protected Material to any person or in any circumstance not authorized

7   under this Stipulated Protective Order, the Receiving Party must immediately (a)

8   notify in writing the Designating Party of the unauthorized disclosures, (b) use its

9   best efforts to retrieve all copies of the Protected Material, (c) inform the person or

10  persons to whom unauthorized disclosures were made of all the terms of this Order,

11  and (d) request such person or persons to execute the "Acknowledgment and

12  Agreement to Be Bound" that is attached hereto as Exhibit A.

13        10.     FILING PROTECTED MATERIAL.  Without written permission

14  from the Designating Party or a court order secured after appropriate notice to all

15  interested persons, a Party may not file in the public record in this action any

16  Protected Material.  A Party that seeks to file under seal any Protected Material

17  must comply with Civil Local Rule 79-5.

18        11.     FINAL DISPOSITION.  Unless otherwise ordered or agreed in writing

19  by the Producing Party, within sixty days after the final termination of this action,

20  each Receiving Party must return all Protected Material to the Producing Party.  As

21  used in this subdivision, "all Protected Material" includes all copies, abstracts,

22  compilations, summaries or any other form of reproducing or capturing any of the

23  Protected Material.  With permission in writing from the Designating Party, the

24  Receiving Party may destroy some or all of the Protected Material instead of

25  returning it.  Whether the Protected Material is returned or destroyed, the Receiving

26  Party must submit a written certification to the Producing Party (and, if not the

27  same person or entity, to the Designating Party) by the sixty day deadline that

28  identifies (by category, where appropriate) all the Protected Material that was

1  returned or destroyed and that affirms that the Receiving Party has not retained any

2  copies, abstracts, compilations, summaries or other forms of reproducing or

3  capturing any of the Protected Material.  Notwithstanding this provision, Counsel

4  are entitled to retain an archival copy of all pleadings, motion papers, transcripts,

5  legal memoranda, correspondence or attorney work product, even if such materials

6  contain Protected Material.  Any such archival copies that contain or constitute

7  Protected Material remain subject to this Protective Order as set forth in Section 4

8  (DURATION), above.

9       12.   <u>MISCELLANEOUS</u>

10        12.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right

11  of any person to seek its modification by the Court in the future.

12  ///

13  ///

14  ///

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2          12.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of

3   this Protective Order no Party waives any right it otherwise would have to object to

4   disclosing or producing any information or item on any ground not addressed in

5   this Stipulated Protective Order.  Similarly, no Party waives any right to object on

6   any ground to use of any of the material covered by this Protective Order at trial, in

7   evidence or otherwise.

8   DATED: March 11, 2009          LAW OFFICES OF SHAUN SETAREH

9

10                                 By: /s/ *Shaun Setareh*
                                        SHAUN SETAREH
11

12                                 Attorney for Plaintiff
                                   AMR HAMDY
13

14  DATED: March 11, 2009          MUNGER, TOLLES & OLSON LLP
                                   MARTIN D. BERN
15                                 MALCOLM A. HEINICKE

16
                                   By: /s/ *Malcolm A. Heinicke*
17                                      MALCOLM A. HEINICKE

18                                 Attorneys for Defendant
19                                 GUARDSMARK, LLC

20

21  PURSUANT TO STIPULATION, IT IS SO ORDERED.

22  Date: March 12, 2009

23
                                   By:
24                                      HONORABLE MANUEL L. REAL
                                        UNITED STATES DISTRICT JUDGE
25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on [date] in the case of AMR HAMDY, on behalf of himself and all others

similarly situated, vs. GUARDSMARK, LLC, et al, Case No. C 08-06807 R

(PLAx).  I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly

promise that I will not disclose in any manner any information or item that is

subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing the terms of

this Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

I hereby appoint _____ [print or type full

name] of _____ [print or type full

address and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this

Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed Name; _____

Signature: _____

EXHIBIT A TO PROTECTIVE ORDER
CASE NO. CV 08-06807 R (PLAx)